IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROL S. O'DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-287-R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Carol O'Daniel seeks insurance benefits based on a disability and on her application, she said she had worked in the hotel industry as a sales director and general manager.[1] Ms. O'Daniel later explained her work, and this explanation led the vocational expert to distinguish the actual jobs from the descriptions in the Dictionary of Occupational Titles.[2] According to the vocational expert, the Plaintiff's actual work fit the DOT description for a "sales representative of hotel services."[3] But the administrative law judge

---

[1]   R. 182, ECF No. 12.

[2]   R. 68-73, ECF No. 12.

[3]   R. 73, ECF No. 12.

characterized the Plaintiff's past jobs as a: (1) hotel manager, DOT#187.117-038, and (2) director of sales, DOT#164.117-010.[4]

Ms. O'Daniel argues that this characterization constituted error because the two jobs do not reflect her past employment. The Commissioner concedes an error, but argues that it involves a harmless typographical mistake. The argument is unconvincing, for the Court has no way of knowing whether the ALJ made a typographical error or made an affirmative decision to rely on jobs as a hotel manager and director of sales. Thus, the Court should reverse and remand for further findings.

I.      Standard on Judicial Review

The Court must determine whether the correct legal standards were applied.[5]

II.     Step Four: The Plaintiff's Past Relevant Work

For disability decisions, the agency uses a five-step process.[6] At step four, the administrative law judge must: (1) determine the claimant's physical and mental residual functional capacity, (2) identify the physical and mental demands of the past relevant work, and (3) assess whether the claimant can meet the job demands of the past relevant work with the physical and mental limitations.[7]

---

[4]     R. 20, ECF No. 12.

[5]     *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).

[6]     20 C.F.R. § 404.1520(a)(4).

[7]     *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

The judge found that: (1) the Plaintiff could perform light work with some restrictions;[8] and (2) Ms. O'Daniel had relevant past work as "a Hotel Manager (D.O.T. #187.117-038) . . . and Director of Sales (D.O.T. #164.117-010)," which she actually performed at a light or sedentary level.[9]   The judge added that "[i]n comparing [Ms. O'Daniel's] residual functional capacity with the physical and mental demands of this work, . . . [the Plaintiff was] able to perform it as actually and generally performed."[10]

The judge's statement conflicted with the record, for the vocational expert testified that Ms. O'Daniel had not worked as a hotel manager or director of sales[11] and that testimony would have prevented consideration of the two jobs at step four.

The Commissioner agrees, but argues that the ALJ meant to identify the job as a "sales representative of hotel services."[12]   According to the Defendant, the Court should correct the ALJ's error rather than remand, relying on *Poppa v. Astrue*[13] and *Butterick v. Astrue*.[14]   In *Poppa v. Astrue*, the Tenth Circuit Court of Appeals simply commented in a footnote that the ALJ had incorrectly listed the date of a surgery and that the error did not

---

[8]     R. 19, ECF No. 12.

[9]     R. 20-21, ECF No. 12.

[10]     R. 21, ECF No. 12.

[11]     R. 68-73, ECF No. 12.

[12]     Br. Supp. Comm'r's Dec. 4-5, ECF No. 17.

[13]     569 F.3d 1167 (10th Cir. 2009).

[14]     430 F. App'x 665 (10th Cir. 2011).

affect the outcome.[15]  In *Butterick v. Astrue*, the ALJ had mistakenly identified a job as being sedentary, and the Court of Appeals said that the mistake was "merely a typographical error."[16]

Both cases are distinguishable.  Here, the Court has no way of knowing whether the ALJ made a typographical error or decided eventually to rely on the jobs as a hotel manager and sales director.

At the hearing, the vocational expert testified about the physical and mental demands of the Plaintiff's past relevant work as a hotel manager and director of sales as Ms. O'Daniel had described the jobs in her application.[17]  The vocational expert concluded that if Ms. O'Daniel could perform light work, she could work as a hotel manager and sales director as these jobs were described in the DOT.[18]  But then Ms. O'Daniel testified about how she had performed those jobs, and the vocational expert said that the Plaintiff's description actually involved work as a "sales representative of hotel services" rather than as a "hotel manager" or "director of sales."[19]  The judge then questioned the vocational expert regarding a

---

[15]     *See Poppa v. Astrue*, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009).

[16]     *Butterick v. Astrue*, 430 F. App'x 665, 668 (10th Cir. 2011).

[17]     R. 61-67, ECF No. 12.

[18]     R. 62, ECF No. 12.

[19]     R. 73, ECF No. 12.

claimant's ability to perform the job of "sales representative of hotel services" with a physical capacity for light work.[20]

Two possibilities exist for the judge's reference to a hotel manager and director of sales.

The first is that the ALJ simply made a typographical error, as she apparently understood at the hearing that Ms. O'Daniel did not actually work as a hotel manager or director of sales as these jobs were defined in the DOT.[21]

But another possibility also exists, for the administrative law judge could have decided — as she said in the opinion — that Ms. O'Daniel could work as a hotel manager and sales director.  In her application, Ms. O'Daniel listed her past job titles as "Hotel-Director of Sales" and "Hotel General Manager";[22] and she initially described her performance of these jobs in a manner different from her testimony.[23]  And, the judge said that she was relying on the vocational expert's testimony "that an individual with the residual functional capacity similar to that of [Ms. O'Daniel] would be able to perform her past relevant work as a hotel manager and a director of sales."[24]  Finally, the judge cited the specific DOT numbers for "Hotel Manager" and "Director of Sales," even though these numbers were not given by the

---

[20]    R. 73-75, ECF No. 12.

[21]    R. 68-75, ECF No. 12.

[22]    R. 182, ECF No. 12.

[23]    *Compare* R. 67, 182, ECF No. 12, *with* R. 68-73, ECF No. 12.

[24]    R. 20, ECF No. 12.

vocational expert.[25]  These facts suggest a conscious decision by the ALJ to rely on work as a hotel manager and sales director, and the Court cannot find as a matter of law that the judge simply made a typographical error.

The Commissioner argues that the error was harmless under *Allen v. Barnhart* because "a reasonable fact finder could only decide that the ALJ meant to find that Plaintiff's past relevant work was as a hotel representative and that Plaintiff had the residual functional capacity to continue in this job."[26]  This argument is unconvincing.

In *Allen*, the Tenth Circuit Court of Appeals held:

> [I]t . . . may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.[27]

Here the ALJ made a finding that both parties agree was erroneous.  *Allen* does not allow the Court to change an express finding of an administrative law judge based on speculation that she had intended to say something different.  And here, the Court can only guess whether the administrative judge had mistakenly relied on the wrong job titles or made a conscious decision to rely on the jobs as hotel manager and sales director.  Thus, the error requires reversal and remand for further findings at step four.

---

[25]    R. 73, ECF No. 12.

[26]    Br. Supp. Comm'r's Dec. 6, ECF No. 17.

[27]    *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

III.   Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[28]  The deadline for objections is February 4, 2013.[29] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[30]

IV.   Status of the Referral

The referral is discharged.

Entered this 17th day of January, 2013.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[28]   *See* 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[29]   *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[30]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).